**ORIGINAL**

FILED IN CHAMPERS

SEP 1 9 2007

JAMES N. HATTEN. Clerk

By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL INDICTMENT** |
| | : | |
| v. | : | NO. 1 07-CR-321 |
| | : | |
| SUREN AGADZHANOV | : | |
| AYSA AGADZHANOVA | : | |
| EDMUNDAS BRAZAS | : | |
| VIDAS GATELIS | : | |
| RICHARD HOEY | : | |
| ELIJAH ITOW | : | |
| RIMUYDAS KEPALAS | : | |
| VYTAUTUS OPULSKIS | : | |
| RAISA PERMENTIER | : | |
| ANNA SOKOLOVA | : | |
| VLADAS STONYS and | : | |
| TEIMURAZ TSIREKIDZE | : | |

THE GRAND JURY CHARGES THAT:

<u>COUNTS ONE THROUGH THIRTY</u>
(Immigration Document Fraud)
18 U.S.C. § 1546

1. On or about the dates listed in the table below, in the Northern District of Georgia, defendant SUREN AGADZHANOV, as more fully detailed below, knowingly prepared and submitted and caused to be prepared and submitted fraudulent petitions for immigration and employment to one or more agencies of the United States government on behalf of various aliens. Defendant AGADZHANOV prepared and submitted and caused to be prepared and submitted each petition as if it were a legitimate petition submitted on behalf of a legitimate prospective or actual alien employee of one or more bogus shell companies when in truth and in fact said aliens had no

legitimate employment or offer of employment with any such companies, nor did such companies exist other than on paper.

<u>BACKGROUND</u>

2.    Certain foreign-born individuals must obtain a visa from the U.S. State Department to enter and/or to lawfully remain in the United States.    A visa is a document issued by a consular representative of the United States that entitles the bearer to enter the United States.    A non-immigrant visa ("NIV") is a visa that is issued for a reason other than immigration.    NIVs are issued in various classifications, such as visitor for business (B-1), visitor for pleasure (B-2), temporary skilled worker (H-1) and intra-company transferee (L-1).    Recipients of NIVs are only temporarily admitted into the United States.    An employment-based immigrant visa ("EBIV") is a visa that does not preclude naturalization.    A recipient of an EBIV is admitted into the United States as a lawful permanent resident and is issued a green card as proof of this status.

3.    The L-1B non-immigrant visa program allows aliens to enter the United States for the specific purpose of continuing their work for their current employer as a transferee to a position with that same employer in the United States.    In other words, the L-1B NIV is for an employee who is transferring within the same company from a foreign posting to a job in the United States.    The employer must submit sworn documentation on behalf of the would-be

transferee identifying the specialized skills, professional degree, and/or management experience that justify the proposed transfer and entry into the United States. The L-1 NIV certification is valid for up to three years.

4. In contrast to the L-1B NIV, an EBIV allows an alien to enter the country indefinitely, as a lawful permanent resident, with the prospect of full naturalization. The alien must be sponsored by an employer and have a position open to him/her upon immigrating to the United States. Like the L-1B NIV, an EBIV application requires the would-be employer to submit sworn documentation concerning the would-be employee's background and proposed job.

<u>OBTAINING VISAS</u>

5. <u>NIV</u>: Each employer seeking to transfer an L-1B non-immigrant (<u>i.e.</u>, a foreign worker) must submit a Form I-129 ("Petition for a Non-Immigrant Worker") to the U.S. Citizenship and Immigration Services ("CIS"). On the Form I-129, the sponsoring employer attests to the specific job description, wages and working conditions for the non-immigrant transferee. The employer must also provide information concerning the would-be transferee's current foreign posting as well as the corporate relationship between the U.S.-based company and the foreign company. Work authorization obtained through the L-1B NIV program is specific to the sponsoring employer and the position described in the Form I-

129. That is, the beneficiary of an L-1B visa must work for the petitioning company in the capacity and salary as stated on the Form I-129. Moreover, as stated above, the authorized stay is limited to three years.

6. EBIV: An employer seeking to bring an alien into the United States via an EBIV must also apply and provide information to CIS, by way of a Form I-140 ("Petition for an Immigrant Worker"). On the Form I-140, the sponsoring employer attests to the specific job description, wages and working conditions for the prospective immigrant employee, as well as the justification for the visa (e.g., specialized skills, exceptional ability, etc.).

## DEFENDANT AGADZHANOV'S SCHEME

7. For a fee of up to $10,000 or more, defendant AGADZHANOV would obtain fraudulent L-1B NIVs for non-immigrant alien workers as well as fraudulent EBIVs for would-be immigrant workers. For his NIV customers, defendant AGADZHANOV would typically negotiate an additional renewal fee upon the expiry of the visa's three year period of validity.

8. To justify to CIS that the NIVs and EBIVs should issue, defendant AGADZHANOV, under a pseudonym or assumed identity, falsely represented in the sworn CIS Forms 129 and 140 specific information concerning where the prospective employees would work, what they would do (to include the assertion that the nature of their work qualified them for their visa), and how much they would

be paid. None of this information was true: none of the businesses existed other than on paper, none of the visa recipients worked for the non-existent businesses specified in their CIS forms, none performed the jobs described in the CIS forms, and none was ever paid by any of these bogus shell companies.

9.    Moreover, defendant AGADZHANOV often included in the sworn submissions to CIS fabricated state and/or federal tax returns indicating that the non-existent companies were paying wages and taxes when in fact they were not.

10.    On or about the dates set forth below in Column B, in the Northern District of Georgia, defendant AGADZHANOV knowingly made false statements with respect to certain material facts in petitions (identified more particularly in Columns C-E) required by the immigration laws and regulations, and knowingly presented these petitions containing such false statements to CIS, all in an effort to fraudulently procure work visas for otherwise ineligible aliens:

| (A) Count | (B) Date | (C) Alien | (D) False petition | (E) Alleged Employer |
|-----------|----------|-----------|--------------------|-----------------------|
| 1 | 9/19/2002 | R.V. | I-129 | Dolium |
| 2 | 9/25/2002 | A.B. | I-129 | Jewelry and Gems Inc. |
| 3 | 9/26/2002 | R.V. | I-129 | SJM Jewelry and Diamonds, Inc. |
| 4 | 11/26/2002 | S.D. | I-129 | Dolium |
| 5 | 3/18/2003 | R.Z. | I-129 | Karl's Int'l Inc. |
| 6 | 5/5/2003 | A.S. | I-129 | Karl's Int'l Inc. |

| (A)<br>Count | (B)<br>Date | (C)<br>Alien | (D)<br>False petition | (E)<br>Alleged Employer |
|---|---|---|---|---|
| 7 | 5/12/2003 | G.R. | I-129 | Karl's Int'l Inc. |
| 8 | 5/19/2003 | L.K. | I-140 | SJM Jewelry and Diamonds, Inc. |
| 9 | 6/3/2003 | S.P. | I-140 | Dolium |
| 10 | 6/9/2003 | R.K. | I-129 | Karl's Int'l Inc. |
| 11 | 6/11/2003 | R.G. | I-140 | Dolium |
| 12 | 6/12/2003 | A.G. | I-140 | SJM Jewelry and Diamonds, Inc. |
| 13 | 7/8/2003 | E.S. | I-129 | Karl Inc. |
| 14 | 7/14/2003 | E.S. | I-129 | Karl's Int'l Inc. |
| 15 | 7/15/2003 | R.R. | I-129 | SJM Jewelry and Diamonds, Inc. |
| 16 | 8/11/2003 | A.J. | I-129 | Dolium |
| 17 | 8/11/2003 | A.S. | I-129 | SJM Jewelry and Diamonds, Inc. |
| 18 | 8/25/2003 | N.G. | I-140 | Jewelry and Gems Inc. |
| 19 | 10/24/2003 | Z.Z. | I-140 | Dolium |
| 20 | 11/13/2003 | J.J. | I-129 | Dolium |
| 21 | 6/18/2004 | M.J. | I-140 | Jewelry and Gems Inc. |
| 22 | 7/22/2004 | R.V. | I-140 | SJM Jewelry and Diamonds, Inc. |
| 23 | 8/16/2004 | J.V. | I-129 | Jewelry and Gems Inc. |
| 24 | 10/9/2004 | J.V. | I-140 | Dolium |
| 25 | 1/20/2005 | R.G. | I-140 | Jewelry and Gems Inc. |
| 26 | 2/16/2005 | D.B. | I-140 | Jewelry and Gems Inc. |
| 27 | 3/6/2005 | A.L. | I-140 | D&S staffing |
| 28 | 3/8/2005 | K.V. | I-140 | Jewelry and Gems Inc. |

| (A) Count | (B) Date | (C) Alien | (D) False petition | (E) Alleged Employer |
|-----------|----------|-----------|--------------------|----------------------|
| 29 | 4/28/2005 | T.O. | I-140 | Dolium |
| 30 | 7/21/2005 | Z.B. | I-140 | RSP Software |

All in violation of Title 18, United States Code, Section 1546(a).

### COUNTS THIRTY-ONE THROUGH FORTY-SIX
(Wire Fraud)
18 U.S.C. § 1343

1.    From no later than on or about February 11, 2003, and continuing through at least on or about June 22, 2006, in the Northern District of Georgia, the below-listed defendants, aided and abetted by each other (only as to each count individually), did knowingly and willfully devise and intend to devise a scheme and artifice to defraud various mortgage lenders, and to obtain money and property from said lenders by means of materially false and fraudulent pretenses, representations and promises, and did aid and abet one another in devising and executing said scheme.

### The Scheme

2.    The scheme and artifice to defraud and to obtain money by means of materially false and fraudulent representations and promises in each instance included one or more of the following steps:

(a)    To purchase or otherwise arrange for the purchase of a residential property in the Atlanta metropolitan area.

(b)    To provide false information concerning the initial

7

buyer/borrower's qualifying information during the course of the loan application process.

(c) To falsely represent on the loan application that this buyer/borrower intended to occupy the property as his/her primary residence.

(d) To arrange for the second purchase, at an inflated price, of the same residential property previously acquired.

(e) To apply for a loan for the second purchase of said residential property at the inflated price.

(f) To provide false information concerning the second buyer/borrower's qualifying information during the course of the loan application process.

(g) To falsely represent on the loan application that this second buyer/borrower intended to occupy the property as his/her primary residence.

## Execution of the Scheme

3. On or about the date listed below in Column B, in the Northern District of Georgia and elsewhere, the defendants specified below in Column C, aiding and abetting one another, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud the lender specified below in Column E, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals and sounds concerning a bank funds transfer, as described below in Column F,

all concerning a loan for the purchase of the property identified

in Column D:

| (A)<br><br>Count | (B)<br><br>Date | (C)<br><br>Defendant(s) | (D)<br><br>Related<br>Property | (E)<br><br>Defrauded<br>Lender | (F)<br>Interstate<br>Wire<br>Communication |
|---|---|---|---|---|---|
| 31 | 02/11/03 | Suren Agadzhanov, Aysa Agadzhanova, Anna Sokolova | 1255 Rustic Ridge, Atlanta | Northpoint Capital | Wire transfer from New York, NY to Atlanta, GA |
| 32 | 09/17/03 | Suren Agadzhanov, Anna Sokolova | 5565 Kingsport Drive, #21, Atlanta | Century Mortgage Corp. | Wire transfer from Los Angeles, CA to Atlanta, GA |
| 33 | 03/15/04 | Suren Agadzhanov | 925 Yukon Drive, Alpharetta | RBMG, Inc. | Wire transfer from St. Louis, MO to Smyrna, GA |
| 34 | 07/02/04 | Suren Agadzhanov | 6010 Spalding Drive, Atlanta | Just Mortgage, Inc. | Wire transfer from Seattle, WA to Atlanta, GA |
| 35 | 07/14/04 | Suren Agadzhanov, Anna Sokolova, Raisa Permentier | 925 Yukon Drive, Alpharetta | Countrywide Home Loans | Wire transfer from New York, NY to Atlanta, GA |
| 36 | 11/23/04 | Suren Agadzhanov, Anna Sokolova, Richard Hoey, Elijah Itow | 6375 Wedgeview Lane, Tucker | Chase Manhattan Mortgage Corp. | Wire transfer from Columbus, OH to Norcross, GA |
| 37 | 01/06/05 | Suren Agadzhanov, Anna Sokolova, Teimuraz Tsirekidze | 5565 Kingsport Drive, #21, Atlanta | RBC Mortgage Company | Wire transfer from Chicago, IL to Norcross, GA |
| 38 | 02/28/05 | Suren Agadzhanov | 4008 Spalding Glen, Atlanta | Washington Mutual | Wire transfer from Stockton, CA to Norcross, GA |

| (A)<br><br><br>Count | (B)<br><br><br>Date | (C)<br><br><br>Defendant(s) | (D)<br><br>Related<br>Property | (E)<br><br>Defrauded<br>Lender | (F)<br>Interstate Wire<br>Communication |
|---|---|---|---|---|---|
| 39 | 03/25/05 | Anna Sokolova, Vytautas Opulskis | 664 Kennesaw Avenue, Atlanta | Argent Mortgage Company | Wire transfer from New York, NY to Norcross, GA |
| 40 | 05/12/05 | Suren Agadzhanov, Anna Sokolova | 5022 Spalding Drive, Atlanta | Argent Mortgage Company | Wire transfer from White Plains, NY to Norcross, GA |
| 41 | 07/29/05 | Suren Agadzhanov, Rimuydas Kepalas, Vladas Stonys | 5022 Spalding Drive, Atlanta | Encore Credit Corp. | Wire transfer from New York, NY to Norcross, GA |
| 42 | 10/14/05 | Suren Agadzhanov, Edmundas Brazas | 4008 Spalding Glen, Atlanta | Corestar Financial | Wire transfer from Los Angeles, CA to Norcross, GA |
| 43 | 03/15/06 | Suren Agadzhanov | 2453 Field Way, Atlanta | Aames Financial | Wire transfer from Irvine, CA to Atlanta, GA |
| 44 | 03/16/06 | Suren Agadzhanov | 404 Granville Court, Atlanta | Fremont Investment and Loan | Wire transfer from Brea, CA to Norcross, GA |
| 45 | 05/08/06 | Suren Agadzhanov, Vidas Gatelis | 6851 Roswell Road, #N-6, Atlanta | Bank of America | Wire transfer from Jacksonville, FL to Norcross, GA |
| 46 | 06/22/06 | Vladas Stonys | 664 Kennesaw Avenue, Atlanta | Valley Bank | Wire transfer from Ft. Lauderdale, FL to Atlanta, GA |

All in violation of Title 18, United States Code, Sections 2 and 1343.

<u>COUNTS FORTY-SEVEN THROUGH SIXTY-THREE</u>
(Mail Fraud)
18 U.S.C. § 1341

1.    The Grand Jury realleges and incorporates by reference herein paragraphs 1 and 2 of Counts Thirty-One through Forty-Six.

2.    On or about the date listed below in Column B, in the Northern District of Georgia, the defendants specified below in Column C, aiding and abetting one another, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud the lender specified below in Column E, knowingly caused to be delivered by mail according to the direction thereon, from the closing attorney to the lender, mail matter concerning a loan for the purchase of the property identified in Column D:

| (A)<br><br>Count | (B)<br><br>Date | (C)<br><br>Defendant(s) | (D)<br><br>Related Property | (E)<br>Defrauded<br>Lender |
|---|---|---|---|---|
| 47 | 02/11/03 | Suren Agadzhanov, Aysa Agadzhanova, Anna Sokolova | 1255 Rustic Ridge, Atlanta | Northpoint Capital |
| 48 | 09/17/03 | Suren Agadzhanov, Anna Sokolova | 5565 Kingsport Drive, #21, Atlanta | Century Mortgage Corp. |
| 49 | 03/15/04 | Suren Agadzhanov | 925 Yukon Drive Alpharetta | RBMG, Inc. |
| 50 | 05/04/04 | Suren Agadzhanov, Anna Sokolova | 2670 Nesbit Trial Alpharetta | Suntrust Bank |
| 51 | 07/02/04 | Suren Agadzhanov | 6010 Spalding Drive, Atlanta | Just Mortgage, Inc. |

11

| (A) Count | (B) Date | (C) Defendant(s) | (D) Related Property | (E) Defrauded Lender |
|---|---|---|---|---|
| 52 | 07/14/04 | Suren Agadzhanov, Anna Sokolova, Raisa Permentier | 925 Yukon Drive Alpharetta | Countrywide Home Loans |
| 53 | 11/23/04 | Suren Agadzhanov, Anna Sokolova, Richard Hoey, Elijah Itow | 6375 Wedgeview Lane, Tucker | Chase Manhattan Mortgage Corp. |
| 54 | 01/06/05 | Suren Agadzhanov, Anna Sokolova, Teimuraz Tsirekidze | 5565 Kingsport Drive, #21, Atlanta | RBC Mortgage Company |
| 55 | 02/28/05 | Suren Agadzhanov | 4008 Spalding Glen, Atlanta | Washington Mutual |
| 56 | 03/25/05 | Anna Sokolova, Vytautas Opulskis | 664 Kennesaw Avenue, Atlanta | Argent Mortgage Company |
| 57 | 05/12/05 | Suren Agadzhanov, Anna Sokolova | 5022 Spalding Drive, Atlanta | Argent Mortgage Company |
| 58 | 07/29/05 | Suren Agadzhanov, Rimuydas Kepalas, Vladas Stonys | 5022 Spalding Drive, Atlanta | Encore Credit Corp. |
| 59 | 10/14/05 | Suren Agadzhanov, Edmundas Brazas | 4008 Spalding Glen, Atlanta | Corestar Financial |
| 60 | 03/15/06 | Suren Agadzhanov | 2453 Field Way, Atlanta | Aames Financial |
| 61 | 03/16/06 | Suren Agadzhanov | 404 Granville Court, Atlanta | Fremont Investment and Loan |
| 62 | 06/08/06 | Suren Agadzhanov, Vidas Gatelis | 6851 Roswell Road, #N-6, Atlanta | Bank of America |
| 63 | 06/22/06 | Vladas Stonys | 664 Kennesaw Avenue, Atlanta | Valley Bank |

All in violation of Title 18, United States Code, Sections 2 and 1341.

<u>FORFEITURE PROVISION</u>

Upon conviction of one or more of the offenses alleged in Count(s) One through Thirty of this Indictment, defendant Suren Agadzhanov shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(6), all property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense, and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate the commission of the offense, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense.

Upon conviction of one or more of the offenses alleged in Count(s) thirty-one through forty-six and forty-seven through forty-nine of this Indictment, defendants Suren Agadzhanov, Aysa Agadzhanov, Edmundas Brazas, Vidas Gatelis, Richard Hoey, Elijah Itow, Rimuydas Kepalas, Vytautus Opulskis, Raisa Permentier, Anna Sokolova, Vladas Stonys and Teimuraz Tsirekidze shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(3), all property, real and personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation, including but not limited to a sum of money representing the amount of gross receipts obtained as a result of the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

13

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and  21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

A _____*true*_____ BILL

_____
FOREPERSON

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

ROBERT C. McBURNEY
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 481070

EVAN S. WEITZ
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 771074

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303
V: 404-581-6000
F: 404-581-6181

14